# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RAMON CLARK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 3:16 CV 269 SMY/RJD ) |
| BART LIND, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff Ramon Clark's Motion to Reconsider the Denial of Appointment of Counsel. (Doc. 54.) Plaintiff is an inmate at Centralia Correctional Center in the custody of the Illinois Department of Corrections. On March 14, 2016, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the First Amendment. (Doc. 1.)

>   **Count 2:** Defendant Lind blocked Plaintiff's incoming and outgoing mail from Extended Hands in retaliation for Plaintiff's litigation activities, in violation of the First Amendment.
>
>   **Count 3:** Defendant John/Jane Doe mailroom staff blocked Plaintiff's incoming and outgoing mail from Extended Hands in retaliation for Plaintiff's litigation activities, in violation of the First Amendment.
>
>   **Count 4:** Defendant Lind caused Plaintiff's cell to be searched, and allowed Plaintiff to be issued a disciplinary report, strip searched and taken to segregation, all in retaliation for Plaintiff's litigation activities, in violation of the First Amendment.
>
>   **Count 6:** Defendants Lashbrook and Benton failed to properly supervise others, thereby allowing Plaintiff's rights to be violated.

On November 28, 2016, Plaintiff moved to compel responses to his discovery requests. (Doc. 39.) The discovery requests and objections at issue included the following:

**Interrogatory No. 7 to Defendant Lashbrook:** Can you explain how your staff can classify an offender as a STG member despite any involvement with a STG group.

**Answer:** Defendant objects to this interrogatory because to provide a response could threaten the safety and security of the facility.

On February 27, 2017, the Court sustained Defendant's objection and denied Plaintiff's motion to compel with respect to Interrogatory No. 7. (Doc. 45.) On March 16, 2017, Plaintiff moved for recruitment of counsel, referencing the Court's decision on Interrogatory No. 7 and arguing that recruited counsel would alleviate the safety and security concerns and allow him access to the requested discovery. (Doc. 47.) On April 5, 2017, Defendants responded that recruitment of counsel would not alleviate the safety and security concerns as even inadvertent disclosure could lead to severe consequences and that other courts have also sustained such objections. (Doc. 50.)

In the instant motion, Plaintiff again requests recruited counsel, arguing that Defendants have misinterpreted the discovery request and that he merely seeks the two written statements he provided to correctional officers. However, no reasonable individual would interpret Interrogatory No. 7 as a request for two specific documents. Additionally, Plaintiff has already served specific discovery requests for the two written statements (Doc. 55 at 6), and Plaintiff did not require the assistance of recruited counsel to do so.

Based on the foregoing, Plaintiff's Motion to Reconsider the Denial of Appointment of Counsel (Doc. 54) is DENIED.

**SO ORDERED.**

**DATED:** __April 25, 2017__           *s/      Reona J. Daly*
                                                                      UNITED STATES MAGISTRATE JUDGE