# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

RAMON CLARK,           )
                                        )
                 Plaintiff,      )
                                          )
         v.                      )         Case No. 3:16 CV 269 SMY/RJD
                                          )
BART LIND, et al.,          )
                                        )
             Defendants.    )

## <u>ORDER</u>

**DALY, Magistrate Judge:**

Before the Court is Plaintiff's Motion for Sanctions. (Doc. 83.) Plaintiff is an inmate of the Illinois Department of Corrections and is currently incarcerated at Centralia Correctional Center. On March 14, 2016, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his rights under the First Amendment. (Doc. 1.) On October 23, 2017, Plaintiff filed the instant motion, seeking sanctions against Defendants for failing to allow him to review the transcript of his deposition for errors. (Doc. 83.) Significantly, Defendants have moved for summary judgment, attaching Plaintiff's deposition as an exhibit. (Doc. 80.)

The Federal Rules of Civil Procedure require that a deponent be allowed, if requested, to review the transcript and to sign a statement listing any changes and the reasons for the changes. Fed. R. Civ. P. 30(e). A deponent is allowed thirty days after receiving notice that the transcript is available. *Id.* On May 10, 2017, defense counsel deposed Plaintiff. The deposition transcript indicates that Plaintiff requested the opportunity to review the deposition transcript. Further, Plaintiff represents that he never received an opportunity to review it, which Defendants do not dispute.

Although sanctions are unwarranted, Plaintiff should be allowed to review the deposition transcript for errors. It appears that Plaintiff now has a copy of the deposition transcript. Plaintiff is advised to review the deposition transcript, to prepare an affidavit that lists the errors made **by the court reporter** in transcribing the testimony, and to file the affidavit as an exhibit to his response to the motion for summary judgment. In this affidavit, Plaintiff shall not include any other type of revision or supplement to the testimony and shall not include statements related to any other matter.[1] The affidavit must make specific references to the line and page number of the deposition transcript.

For the foregoing reasons, Plaintiff's Motion for Sanctions (Doc. 83) is GRANTED to the extent that Plaintiff seeks an opportunity to review his deposition transcript but DENIED to the extent that Plaintiff seeks sanctions against Defendants. Because this motion is resolved, the Court lifts the stay on the deadline for the response to Defendant's Motion for Summary Judgment. Plaintiff shall respond by December 4, 2017.

**SO ORDERED.**

**DATED: November 2, 2017**                    *s/       Reona J. Daly*
                                                UNITED STATES MAGISTRATE JUDGE

---

[1] Of course, Plaintiff may include other types of revisions or supplements in a separate affidavit along with any other information necessary to respond to the motion for summary judgment.